Trudy ROBINSON *v.* Charles L. DANIELS,
Director of Labor, and OLSTEN TEMPORARY HELP

E 80-192                    613 S.W. 2d 608

Court of Appeals of Arkansas
Opinion delivered April 8, 1981

*James R. Cromwell*, for appellant.

*Bruce H. Bokony*, for appellees.

LAWSON CLONINGER, Judge. Claimant Trudy Robinson appeals from a decision by the Arkansas Board of Review which denied her unemployment benefits under the provisions of Section 5 (c) of the Arkansas Employment Security Law, Ark. Stat. Ann. § 81-1106(c) (Repl. 1976). The denial was based upon a determination that she failed without good cause to accept available, suitable work when offered by her employer.

We find that the decision of the Board of Review is not supported by substantial evidence, and we reverse.

On April 21, 1980, claimant began working as an Olsten Temporary Help employee on a part-time job as a keypunch operator at United Parcel Service. Her job was of indefinite duration, but she believed it might develop into permanent, part-time or full-time employment. On May 23, 1980, Olsten offered claimant two weeks of full-time employment at Arkansas Blue Cross-Blue Shield. The work was similar to that which she was doing at slightly lower hourly wages. The hours at the job offered at Blue Cross-Blue Shield were from 7:00 a.m. to 4:30 p.m., while her hours at United Parcel Service were from 10:30 p.m. to 3:30 a.m.

For a number of reasons claimant declined the offer of employment at Blue Cross-Blue Shield and chose to remain at United Parcel Service. She did not believe she could hold both jobs, and Olsten did not expect her to. She had worked

for Blue Cross-Blue Shield on a previous occasion, and if Olsten had known this the offer would not have been extended to her. Most importantly, however, she did not want to give up her part-time job, which she hoped would become permanent, for a full-time job of only two weeks duration.

As a result of claimant's decision not to accept the temporary full-time work at Blue Cross-Blue Shield, she was denied unemployment benefits.

In the case of *Wacaster* v. *Daniels*, 270 Ark. 190, 603 S.W. 2d 907 (Ark. App. 1980), this Court stated:

> The only condition that warrants a claimant from accepting offered employment is for good cause as expressed in the applicable statutory provision. While the term 'good cause' may be difficult to define, it seems plain that the term means a justifiable reason for not accepting the particular job offered. In other words, to constitute good cause, the reason for a refusal must not be arbitrary or capricious and the reasons must be connected with the work itself.

We do not find anything arbitrary or capricious in the decision of claimant to decline the offer made, and we find that it was justifiable under the circumstances. She testified that Olsten had told her that the job at United Parcel Service might become permanent part-time or even permanent full-time, and it was certain that the job at Blue Cross-Blue Shield, although full-time, would be for only two weeks. She could not perform both jobs, and she could be given no assurance that she would be able to return to her part-time job after two weeks. In brief, it was her judgment that it was a better course for her to stay with the temporary part-time job which she had reason to believe might become permanent and decline a full-time job of only two weeks' duration.

There is no substantial evidence in the record to indicate that claimant's judgment was arbitrary or capricious, or that it was not justifiable, and the decision of the Board of Review is reversed.

MAYFIELD, C.J., and COOPER, J., dissent.